UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIO R. MAMOT,<br><br>                    Plaintiff,<br><br>     -against-<br><br>PROCTOR & GAMBLE CORP.;<br>GLAXOSMITHKLINE CORP.,<br><br>                    Defendants. | 21-CV-6914 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this products liability action against Proctor & Gamble Corp., as the maker of Fixodent dental cream, and against GlaxoSmithKline Corp., as the maker of Poligrip dental cream. By order dated December 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Patricio R. Mamot's complaint is not the model of clarity, but it appears that he brings this action for alleged injury and damages he sustained as a result of using Defendants' products. Plaintiff asserts that Defendants' products "poisoned [him]." (ECF No. 2 at 2.) He seeks unspecified damages.

Plaintiff acknowledges that he brought a prior action in this court against Defendants, and that the prior action was transferred to the United States District Court for the Southern District

of Florida.[1] (*Id.* at 1.) Plaintiff further acknowledges that the case was thereafter dismissed by "U.S. District Judge Cecilia Altonaga." (*Id.* at 5.) A search of the Public Access to Court Electronic Records (PACER) database shows that Plaintiff had also filed two prior actions against Defendants in the United States District Court for the Eastern District of Pennsylvania that were dismissed. *See Mamot v. SmithKline Beecham Corp.*, No. 08-CV-5562 (CMR) (E.D. Pa. Jan. 15, 2015) (dismissing with prejudice Plaintiff's claims against Defendant); *Mamot v. GlaxoSmithKline Pharm. Co.*, No. 08-CV-1568 (CMR) (E.D. Pa. May 20, 2010) (same).

A search of PACER further shows that Plaintiff has filed numerous *pro se* cases in this Circuit. *See, e.g., Mamot v. Bilinguals Inc.*, No. 09-CV-1635 (LBS) (S.D.N.Y. Feb. 23, 2009) (order dismissing complaint for lack of subject matter jurisdiction); *Mamot v. Bd. of Regents*, No. 08-CV-1451 (E.D.N.Y. June 12, 2008) (order dismissing complaint for lack of subject matter jurisdiction and on *res judicata* grounds), *aff'd*, 08-4019-cv (2d Cir. Feb. 22, 2010); *Mamot v. NYC Bd. of Educ.* No. 01-CV-2597 (JSR) (S.D.N.Y. Mar. 22, 2002) (order granting defendants' motion to dismiss); *appeal dismissed*, 02-7375 (2d Cir. Sept. 3, 2002); *Mamot v. Silverstein Properties, Inc.*, No. 01-CV-2521 (RWS) (DCF) (S.D.N.Y. Feb. 7, 2002) (order noting voluntary dismissal); *Mamot v. Bd. of Regents*, No. 00-CV-5337 (E.D.N.Y. July 30, 2001) (order granting defendants' motion to dismiss), *aff'd*, 01-9099 (2d Cir. Oct. 8, 2002); *Mamot v. NYS Atty. General*, No. 01-CV-0643 (BSJ) (S.D.N.Y. Jan. 18, 2002) (order granting defendants' motion to dismiss); *Mamot v. Bd., of Regents*, No. 01-CV-0205 (BSJ) (KNF) (S.D.N.Y. Jan. 24, 2002) (same); *Mamot v. River Place Mgmt.*, No. 00-CV-7617 (RWS) (S.D.N.Y. Feb. 7, 2002) (order noting voluntary dismissal).

---

[1] A review of this court's records reveals that Plaintiff's prior action against these Defendants was transferred to the Southern District of Florida by order dated September 1, 2011. *See Mamot v. Proctor & Gamble Corp.*, ECF 1:11-CV-6914, 6 (Sept. 1, 2011).

3

In 2009, Plaintiff was warned against pursuing nonmeritorious litigation in this Circuit. *See Mamot v. Bd. of Regents*, No. 09-CV-2094 (LBS) (S.D.N.Y. Mar. 9, 2009) (dismissing complaint for failure to state a claim and on immunity grounds, and warning Plaintiff "that the next time he files an action that is duplicative, frivolous, fails to state a claim, or otherwise lacks merit, the Court will issue an order directing him to show cause why he should not be barred from filing any further actions [IFP] in this Court without first obtaining permission from this Court to do so").

In addition to this case, Plaintiff filed three other cases in this court this year. *See, e.g., Mamot v. Cuomo*, No. 21-CV-6732 (LTS) (S.D.N.Y. Nov. 5, 2021) (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)); *Mamot v. GEICO Car Ins. Co.*, No. 21-CV-6717 (LTS) (S.D.N.Y. filed Aug. 16, 2021) (pending);[2] *Mamot v. Bilingual Inc.*, No. 21-CV-6716 (LTS) (S.D.N.Y. Sept. 27, 2021) (dismissing action on immunity grounds, for lack of subject matter jurisdiction, as frivolous, and for failure to state a claim on which relief may be granted).

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been

---

[2] On September 27, 2021, the Court granted Plaintiff 30 days' leave to show cause why he should not be barred from filing civil actions IFP in this court without first obtaining permission. *Mamot v. Geico Car Ins.*, ECF 1:21-CV-6717, 4, at 9 (S.D.N.Y. Sept. 27, 2021). That order was issued because of Plaintiff's history of filing nonmeritorious or vexatious litigation in this court, and his failure to heed the court's previous warning. *Id.* at 7-8. In response to the Court's order, Plaintiff filed a notice of interlocutory appeal, *id.* at ECF No. 5, and a motion for reconsideration, *id.* at ECF No. 6. By order dated November 29, 2021, the Court denied Plaintiff's motion for reconsideration. *Id.* at ECF No. 7. Plaintiff filed this action before the Court issued its September 27, 2021 order, but this action is not a departure from his pattern of nonmeritorious or vexatious litigation.

raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), a court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also

5

"important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff's prior actions against Defendants were based on the same events that Plaintiff describes in this complaint. Those previous actions were adjudicated on the merits. Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of previous actions in this court and in the Eastern District of Pennsylvania, his claims are barred by the doctrine of claim preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed as barred by the doctrine of claim preclusion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 12, 2022
        New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge